**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0032n.06
Filed: January 9, 2008

**No. 05-6803**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **STEVEN D. KING,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **WAYNE BRANDON,** | ) | **O R D E R** |
| | ) | |
| *Respondent-Appellee.* | ) | |
| | ) | |

**BEFORE:** **BATCHELDER, COLE, and GRIFFIN, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge.** Steven D. King, a Tennessee state prisoner, appeals the denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In 1995, a jury convicted King of felony murder, especially aggravated kidnapping, and especially aggravated robbery, and sentenced him to life in prison. His conviction was upheld on direct appeal, and his post-conviction proceeding was also unsuccessful. In this petition for federal habeas corpus relief, he raised claims of insufficient evidence, erroneous admission of his confession, and ineffective assistance of counsel. The district court sua sponte dismissed all but two of King's thirteen claims of ineffective assistance of counsel, as well as the claims of insufficient evidence and erroneous admission of the confession. After response from the state, the district court found his remaining two claims of ineffective assistance to be procedurally defaulted and entered a final judgment. We

granted a certificate of appealability on the issue of whether a remand was required because the district court did not have the state court records when it sua sponte dismissed most of King's claims, citing *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003); counsel was also appointed.

In his brief, King's appointed counsel argues that a remand is required, particularly with respect to King's claims of ineffective assistance of counsel regarding trial counsel's opening and closing arguments and allegedly inflammatory statements to the jury, because the district court did not review the transcript of the trial in dismissing these claims. The warden argues that King's failure to challenge the state courts' factual determinations obviated any need for the district court to review the state court records. The warden also raises for the first time, on the last page of his brief, a meritless argument that the petition was barred by the statute of limitations. This argument relies on an erroneous recitation of the date on which the Tennessee Supreme Court declined review in the post-conviction proceeding, which occurred on May 19, 2003, as documented on page 235 of the Joint Appendix, and not March 19, 2003, as respondent argues.

Whether a district court erred in summarily dismissing a habeas corpus petition is a question of law we review de novo. *Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007). De novo review in this case indicates that a remand is required to allow for review of the state court records. Where a state court opinion summarizes the relevant facts before analyzing a claim, a petitioner in a habeas corpus proceeding is required to dispute the evidence as summarized by the state court. *Id*. at 555-56. Otherwise, the state court's determination of the facts is presumed correct. *Armstrong v. Morgan*, 372 F.3d 778, 781 (6th Cir. 2004). In this case, the state court in the post-conviction proceeding did not summarize the facts relevant to several claims raised which would require review

- 2 -

of the trial transcript, including King's claims that counsel's opening and closing arguments were ineffective, that counsel failed to properly cross-examine or impeach witnesses, that counsel made inflammatory statements to the jury, or that counsel allowed false evidence to be presented.

Because the state court made no factual findings with regard to these claims, there were no specific findings for King to dispute. The facts on which these claims relied were contained in the trial transcript, which was not before the district court. In *Adams*, 330 F.3d at 405-06, the petitioner's claims similarly relied on facts from a transcript which was not before the district court for review, and it was determined that remand was required for the district court to examine the transcript. Also, in *Nash v. Eberlin*, 437 F.3d 519, 525-26 (6th Cir. 2006), the state contended that there was evidence in the transcript which would support its position, requiring a remand because the district court did not have access to the transcript in making its ruling.

Accordingly, we **VACATE** the district court's sua sponte dismissal of King's claims of ineffective assistance of counsel and **REMAND** King's claims in their entirety to the district court to be addressed after review of the state court records.