IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2020

## STATE OF TENNESSEE v. STEVEN KING

**Appeal from the Criminal Court for Shelby County**
**Nos. 93-00575, 93-00576, 93-00577   Carolyn Wade Blackett, Judge**

_____

### No. W2019-01796-CCA-R3-CD

_____

The Defendant, Steven King, appeals from the Shelby County Criminal Court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  On appeal, he contends that the trial court erred in denying his motion because his sentence of life plus twenty-five years was illegal pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a mandatory sentence of life without parole for a juvenile defendant violates the Eighth Amendment.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Terrell Tooten, Cordova, Tennessee, for the Appellant, Steven King.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was convicted by a Shelby County jury of first degree felony murder, especially aggravated kidnapping, and especially aggravated robbery for offenses he committed at age seventeen.  The trial court sentenced him to life for the first degree felony murder conviction, to twenty-five years for the especially aggravated kidnapping conviction, and to twenty-three years for the especially aggravated robbery conviction. The court imposed the twenty-five and twenty-three-year sentences concurrently to each other and consecutively to the life sentence, for an effective sentence of life plus twenty-five years.  *See State v. Steven D. King*, No. 02C01-9509-CR-00280, 1997 WL 41256, at

*1 (Tenn. Crim. App. Feb. 4, 1997). Thereafter, he unsuccessfully sought post-conviction relief in Tennessee courts and habeas corpus relief in the federal courts. *See King v. Brandon*, 259 Fed. Appx. 791 (6th Cir. 2008); *Steven D. King v. State*, No. W2001-01382-CCA-R3-PC, 2002 WL 31895726 (Tenn. Crim. App. Dec. 30, 2002), *perm. app. denied* (Tenn. May 19, 2003).

In 2018, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that his effective sentence of life plus twenty-five years violated the Eighth Amendment prohibition against cruel and unusual punishment, in accord with the Supreme Court's holding in *Miller v. Alabama*. The trial court appointed counsel and conducted a hearing, at which the defense offered the transcript of the Defendant's sentencing hearing as an exhibit. After hearing the parties' arguments, the court took the matter under advisement and later filed an order denying relief. The court held that, although *Miller* applied retroactively, it was nevertheless inapplicable to the Defendant's case because *Miller*'s holding applied to sentences of life without parole received by juvenile offenders, whereas the Defendant in the present case had received a life sentence with consecutive sentencing relative to other convictions. *See Montgomery v. Louisiana*, --- U.S. ---, 136 S. Ct. 718 (2016) (holding that *Miller* applied retroactively). The court noted several Tennessee appellate decisions which had declined to extend *Miller*'s holding beyond its four corners.

On appeal, the Defendant contends that he is entitled to relief pursuant to Rule 36.1 because his sentence of life plus twenty-five years is, in effect, a sentence of life without parole which violates the Eighth Amendment, consistent with *Miller*. The State counters that the trial court did not err in denying relief because the Defendant did not receive a mandatory sentence of life without parole, unlike the defendant in *Miller*, and because a sentence of years,[1] even though it may exceed a reasonable defendant's life expectancy, does constitute cruel and unusual punishment.

This court has consistently rejected opportunities to extend *Miller* beyond the Supreme Court's limited application to a sentence involving mandatory life without parole received by a minor. In *Charles Everett Lowe-Kelly v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *1 (Tenn. Crim. App. Feb. 24, 2016), *perm. app. denied* (Tenn. June 23, 2016), the petitioner, who committed his offenses as a minor, received two consecutive life sentences to be served concurrently to nine fifteen-year

---

[1] At the time of the offense, the following provisions applied regarding a life sentence:

> Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant.

T.C.A. § 40-35-501(g)(1) (1992) (subsequently amended).

-2-

sentences. In a post-conviction action, he argued that, in accord with *Miller*, that his consecutive life sentences violated the Eighth Amendment because the length of his effective sentence exceeded his life expectancy. *Charles Everett Lowe-Kelly*, 2016 WL 742180, at *8. This court held that *Miller* was inapplicable for two reasons. *Id.* First, *Miller*'s holding was limited to sentences involving life without parole. *Id.* The court noted that a defendant who receives a life sentence is released after serving a statutorily-established number of years, which, at the time of the offense in that case, was fifty-one years. *Id.* Second, the court reasoned that *Miller* did not hold that a minor could never receive a sentence of life without parole. *Id.* at *9. Rather, *Miller* stood for the limited proposition "that a mandatory sentencing scheme that withholds from the judge or jury the authority to impose a sentence less than life without the possibility of parole, even where appropriate based on mitigating evidence regarding a juvenile's youthful shortcomings and amenability to correction, is unconstitutional." *Id.* Other panels of this court have ruled similarly. *See, e.g.*, *Billy L. Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *4 (Tenn. Crim. App. Mar. 25, 2015), *perm. app. denied* (Tenn. July 21, 2015); *Floyd Lee Perry, Jr. v. State*, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *3-5 (Tenn. Crim. App. Apr. 7, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014); *Kayln Marie Polochak v. State*, No. M2013-02712-CCA-R3-CD, 2015 WL 226566, at *36 (Tenn. Crim. App. Jan. 16, 2015), *perm. app. denied* (Tenn. May 14, 2015).

The Defendant in the present case did not receive a mandatory sentence of life without parole. The fact that his effective sentence may push, and possibly exceed, the bounds of his life expectancy is not a basis upon which this court is prepared to extend the parameters of the Eighth Amendment, given our limited application of *Miller* in previous cases.

We conclude, therefore, that the trial court did not err in denying the Defendant's motion to correct an illegal sentence. In consideration of the foregoing and the record as whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE